IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTON THOMPSON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, et al., )<br>)<br>    Defendants. ) | NO. 3:21-cv-00174<br><br>JUDGE CAMPBELL |

## MEMORANDUM AND ORDER

Plaintiff Anton Thompson filed a pro se Complaint against the United States, former President Donald Trump, and former U.S. State Department Inspector General Stephen Akard. (Doc. No 1). Plaintiff also submitted an application to proceed as a pauper. (Doc. No. 2.)

### I. APPLICATION TO PROCEED AS A PAUPER

Plaintiff's application reflects that he is unemployed, has no cash or assets, and lacks sufficient resources to pay the full filing fee in advance without undue hardship. Accordingly, the application (Doc. No. 2) is **GRANTED**.

### II. INITIAL REVIEW OF THE COMPLAINT

Plaintiff has submitted a 133-page manifesto that runs that gamut from garden-variety conspiracy theories to disturbing tales of government experimentation programs. (*See* Doc. No. 1). However, the Court need not delve into most of these matters. The Complaint brings claims under three specific statutes: 5 U.S.C. § 552 ("FOIA"); 5 U.S.C. § 552b ("Sunshine Act"); and 42 U.S.C. § 1986. None of these, however, applies here.

First, Plaintiff alleges that Defendants violated FOIA by not responding to his "complaint forms and letters" about various eyebrow-raising subjects. (*See* Doc. No. 1 at 12). FOIA "provides

a 'statutory right of public access to documents and records' held by federal government agencies." *Citizens for Resp. and Ethics in Wash. v. U.S. Dep't of Justice*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009). FOIA "is a mechanism to obtain access to records, not answers to questions." *Jud. Watch, Inc. v. Dep't of State*, 177 F. Supp. 3d 450, 456 (D.D.C. 2016), *aff'd sub nom., Jud. Watch, Inc. v. Dep't of State*, 681 F. App'x 2 (D.C. Cir. 2017) (quoting *Amnesty Int'l v. C.I.A.*, No. 07-5435, 2008 WL 2519908, at *12-13 (S.D.N.Y. June 19, 2008)). Thus, FOIA "does not require agencies to create documents." *Jud. Watch,* 177 F. Supp. 3d at 456. Because Plaintiff does not allege that he submitted document requests, but rather sought answers to communications, his FOIA claims must be dismissed.

Plaintiff next seeks relief under the Sunshine Act concerning the same unanswered complaint forms and letters. These claims fare no better. The Sunshine Act is concerned not with access to documents, but with ensuring public access to meetings of "collegial bod[ies] heading [federal] agenc[ies]." 5 U.S.C. § 552b(a)(3). A plaintiff may not bypass FOIA to seek documents under the Sunshine Act. *See, e.g., Andela v. USA/U.S. EEOC*, No. 1:15-CV-00645, 2015 WL 2058905, at *2 (D.D.C. Apr. 28, 2015) (dismissing document-based claim and explaining that such "relief is not available" under the Sunshine Act because FOIA provides a "comprehensive system" to administer those rights), *aff'd sub nom. Andela v. E.E.O.C.*, 624 F. App'x 1 (D.C. Cir. 2015). Accordingly, because Plaintiff does not allege that any open meeting rules were violated, the Sunshine Act claims must be dismissed.

Finally, Section 1986 provides a cause of action against persons who have knowledge of and who fail to prevent or aid in preventing the commission of a civil rights conspiracy under 42 U.S.C. § 1985. *See* 42 U.S.C. § 1986. In order to assert a cause of action under Section 1986, a plaintiff is required to assert a cause of action under Section 1985. *Jackson v. Town of Caryville,*

2

*Tenn.*, No. 3:10-cv-153, 2011 WL 5143057, at *7 (E.D. Tenn. Oct. 28, 2011); *Estate of Bing v. City of Whitehall, Ohio*, 373 F.Supp.2d 770, 785 (S.D. Ohio 2006) ("To effectuate a cause of action under § 1986, a plaintiff must state a cause of action under § 1985."), *reversed in part on other grounds*, 456 F.3d 555 (6th Cir. 2006). The Complaint contains no cause of action under Section 1985 and no allegations relating to a civil rights conspiracy among the named defendants. Accordingly, because there can be no claim under Section 1986 without a claim of a violation of Section 1985, Plaintiff's Section 1986 claim fails and must be dismissed.

### III. CONCLUSION

For these reasons, the Court concludes that Plaintiff has failed to state a colorable claim. Plaintiff's claims are **DISMISSED** and the Complaint is **DISMISSED**.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Because an appeal would not be taken in good faith, Plaintiff is not certified to appeal the judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE